UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:08-CV-00526-FL

| | | |
|---|---|---|
| WARREN R. FOLLUM, | ) | |
|     Plaintiff | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| | ) | |
| NORTH CAROLINA STATE UNIVERSITY, | ) | |
| KEVIN MACNAUGHTON, | ) | |
| MICHAEL HARWOOD, | ) | |
| CAROLE ACQUESTA, | ) | |
| BARBARA CARROLL, | ) | |
|     Defendants | ) | |

This cause comes before the Court upon the following motions:

1) Plaintiff's motion to amend complaint [DE-31]; and

2) Defendant's motion to dismiss Plaintiff's complaint or in the alternative, motion to stay. [DE-33].[1]

These motions are now ripe for adjudication and, pursuant to 28 U.S.C. 636(b)(1), have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's claims be DISMISSED in their entirety. In the alternative, it is RECOMMENDED that this matter be STAYED pending the resolution of underlying state court proceedings.

---

[1] Defendants also filed a motion to dismiss Plaintiff's complaint before it was amended [DE-6], and Plaintiff has filed a "motion to deny Respondent's motion to dismiss." [DE-16]. The issues presented in these motions are mooted by the undersigned's recommendation on the motion at docket entry 33.

1

**Background**

Plaintiff was employed by Defendant North Carolina State University ("NCSU") as Manager of Formal Projects in the Office of University Architect.[2] [DE-17, pg. 3]. Plaintiff was subject to the protections of the North Carolina State Personnel Act ("SPA") provided in Chapters 126 and 150B of the North Carolina General Statutes. [DE-17, pg. 4]. As a result, Plaintiff could not be discharged from his employment unless NCSU had just cause for his dismissal as provided in N.C.G.S. § 126-35 and 25 N.C.A.C. 1J.0604. [DE-17, pg. 4].

On August 2, 2006, Plaintiff received a written warning for unacceptable personal conduct based on behavior he demonstrated in a meeting on July 28, 2006. [DE-17, pg. 24]. Specifically, the written warning alleged that Plaintiff:

> became visibly agitated and decided to stand for the duration of the meeting . . . spoke loudly and interrupted others, refus[ed] to allow some meeting attendees to complete their statements . . . dismissed advice . . . made rude statements and became agitated to the point that [his] hands and body were shaking during the meeting.
> [DE-17, pg. 24].

Prior to this meeting, Plaintiff had already been admonished on several occasions regarding his "unacceptable professional behavior" and "the need . . . to be more considerate in how [he] approach[ed] people." [DE-17, pg. 24]. Ultimately, Plaintiff was instructed to refrain from demonstrating unprofessional behavior while at work. [DE-17, pg. 24].

---

[2] When considering an argument of collateral estoppel or res judicata, a court may take judicial notice of facts from a prior judicial proceeding. *See*, Lester v. Smith, 57 F.3d 1066 (4th Cir. 1995)(unpublished opinion); Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000).

Plaintiff received a second written warning for unacceptable personal conduct on August 25, 2006. [DE-17, pg. 25]. In the August 25, 2006 letter, Plaintiff was reminded that he was removed from a project "due to communication issues with the customer." [DE-17, pg. 25]. Despite this removal, Plaintiff continued to contact the customer. [DE-17, pg. 25]. Furthermore, Plaintiff sent an accusatory and unprofessional e-mail to one of his colleagues. [DE-17, pg. 25]. Therefore, Plaintiff was notified that this behavior was unacceptable and would not be tolerated. [DE-17, pg. 25]. Likewise, Plaintiff's supervisor warned that "[f]ailure to immediately comply with the[se] expectations . . . may result in further disciplinary action, up to and including dismissal." [DE-17, pg. 26].

On March 14, 2007, Plaintiff received another letter from his supervisor. [DE-17, pg. 27]. This letter described Plaintiff's inappropriate conduct during a March 7, 2007 project meeting. Specifically, the letter alleged:

> At the Winslow Hall project meeting you behaved inappropriately and were extremely rude to the other participants. Specifically, you spoke in a loud voice, refused to allow the participants - including the dean of the school - to collaborate during the meeting. You were disrespectful by repeatedly interrupting others, not allowing attendees to complete their statements and dismissing advice that was offered.
> [DE-17, pg. 27].

Ultimately, Plaintiff's supervisor determined that this conduct violated the expectations outlined to Plaintiff in his previous written warnings and constituted unacceptable personal conduct justifying discharge for just cause. [DE-17, pg. 27]. Therefore, Plaintiff was notified of the decision to dismiss him based on his continued pattern of unacceptable

3

personal conduct. [DE-17, pg. 27].

Following his dismissal, Plaintiff began to utilize the administrative process available to employees subject to the SPA. Specifically, Plaintiff filed a Petition for Contested Case Hearing in the North Carolina Office of Administrative Hearings on April 12, 2007. Hearings were held before an Administrative Law Judge ("ALJ") on October 30, 2007 and November 14, 2007. [DE 33-2]. Plaintiff testified at these hearings and presented several exhibits. [DE 33-2]. On March 21, 2008, the ALJ decided that NCSU had established just cause and therefore affirmed NCSU's decision to discharge Plaintiff. [DE 33-2. pg. 16]. Plaintiff appealed the ALJ's decision to the North Carolina State Personnel Commission ("NCSPC"). [DE 33-3]. The ALJ's dismissal of Plaintiff's discrimination claims was affirmed by the NCSPC on August 1, 2008. [DE 33-3]. Thereafter, Plaintiff filed a Petition for Judicial Review in Wake County Civil Superior Court. [DE 33-4]. Following a hearing on Plaintiff's Petition for Judicial Review, the Wake County Civil Superior Court entered an Order on April 8, 2009 affirming NCSU's discharge of Plaintiff. In doing so, the Wake County Civil Superior Court noted that "there was not sufficient evidence of age or gender discrimination to support judgment in Petitioner's favor as to those issues." [DE 33-5]. Plaintiff has since appealed this decision to the North Carolina Court of Appeals. That appeal is still pending.

Plaintiff filed his original complaint in this Court on October 16, 2008 [DE-1]. The original complaint purported to be an action against NCSU for violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964 for age and gender discrimination. [DE-1. pg. 2-3]. A first amended complaint was

4

filed by Plaintiff on January 21, 2009. [DE-17]. The first amended complaint added individuals defendants and new claims against these additional individual defendants. On May 19, 2009, Plaintiff filed a motion for leave to further amend his complaint. [DE-31].

**Analysis**

**I. Motion to Amend**

Plaintiff's pending motion to amend his complaint [DE-31] could be summarily denied because it fails to comply with the Local Civil Rules of this Court. Specifically, Plaintiff's motion to amend is not accompanied with a memorandum in support as required by Local Civil Rule 7.1(d). Nonetheless, Federal Rule of Civil Procedure 15(a)(2) states that leave to amend a pleading "shall be freely given when justice so requires." To that end, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). Based on this standard, Plaintiff's motion to amend his complaint [DE-31] is GRANTED.

**II. Motion to Dismiss**

Defendants have requested that Plaintiff's complaint be dismissed on a number of grounds[3]. Each of Defendants' arguments shall now be considered in turn.

**A. Plaintiff's claims against the individual Defendants**

---

[3] In responding to this motion, Plaintiff has failed to comply with Local Civil Rule 7.2(e). Specifically, Plaintiff has filed two memoranda that exceed 30 pages in length. [DE's 15, 40]. The undersigned will only consider the first 30 pages of these filings.

5

Defendants argue that Plaintiff did not properly serve his summonses and First Amended Complaint on Defendants MacNaughton, Carroll, Harwood, and Acquesta. [DE-33, pg. 6]. Rule 4(c) of the Federal Rules of Civil Procedure states in pertinent part:

> . . . A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed . . . and must furnish the necessary copies to the person who makes service . . .
> . . . Any person who is at least 18 years old and not a party may serve a summons and complaint . . .
> F.R.Civ.P 4(c).

Once the sufficiency of service is challenged, the Plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Fed.R.Civ.P. 4. See, e.g., Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C.1996). Here, Plaintiff himself attempted to serve the : 1) civil summons; 2) First Amended Complaint; and 3) the proposed Second Amended Complaint upon the individual defendants. [DE's 26-30, 41]. The procedural requirement that a summons be properly served must be satisfied before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Therefore, absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984). Accordingly, a motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). O'Meara v. Waters, 464 F.Supp.2d 474, 476 (D .Md.2006). Plaintiff's attempt to serve Defendants himself violates Rule 4(c)(2) of the Federal Rules of Civil Procedure, which unequivocally states that a party

may not validly effect service. For these reasons, it is HEREBY RECOMMENDED that Plaintiff's claims against Defendants MacNaughton, Carroll, Harwood, and Acquesta be DISMISSED pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Moreover, To the extent Plaintiff has asserted claims against the individual defendants for violation of Title VII, there is no individual liability under Title VII. Lissau v. Southern Food Svc., 159 F.3d 177, 181 (4th Cir. 1998). Accordingly, it is RECOMMENDED that the individual claims against Defendants MacNaughton, Acquesta, Carroll and Harwood brought pursuant to Title VII be DISMISSED on this ground as well.

## B. Plaintiff's claims are barred by collateral estoppel

Defendants argue that Plaintiff's claims should be barred under the doctrine of collateral estoppel. Under the Full Faith and Credit statute, 28 U.S.C. 1738, this Court is obligated to follow North Carolina law in determining whether a state court judgment should have preclusive effect in a subsequent federal action. See Davenport v. North Carolina Dep't of Transp., 3 F.3d 89, 92 (4th Cir.1993) (*Citing* Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984)). A federal court must give a state court judgment the same preclusive effect that the judgment would be given under the law of the state in which it was rendered. Allen v. McCurry, 449 U.S. 90, 96(1980); Rao v. County of Fairfax, 108 F.3d 42, 44 (4th Cir.1997). Additionally, when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts. University of Tennessee v. Elliott, 478 U.S.

788, 799 (1986) (quoting United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966) (footnote omitted)). By giving preclusive effect to administrative fact-finding, federal courts promote both the parties' interest in avoiding the cost and vexation of repetitive litigation and the public's interest in conserving judicial resources. University of Tennessee, 478 U.S. at 798. However, collateral estoppel does not apply unless the party to be estopped had a full and fair opportunity to litigate the claim or issue in the prior action. See Kremer v. Chemical Const. Corp., 456 U.S. 461, 480-81 (1982) (citing Allen v. McCurry, 449 U.S. 90, 95 (1980)). Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation. Kremer, 456 U.S. at 481 (quoting Montana v. United States, 440 U.S. 147, 164 n. 11 (1979)).

The instant case meets all the requirements for collateral estoppel. Specifically, under North Carolina law, the elements of collateral estoppel are as follows: (1) the earlier suit resulted in final judgment on the merits; (2) identical issues are involved; (3) the issue was actually litigated and determined in the prior action; and (4) the determination was necessary to the resulting judgment. Thomas M. McInnis & Assoc. v. Hall, 349 S.E.2d 552, 557-58(1986). In addition, the party to be estopped must have had a full and fair opportunity to litigate the issue in the earlier action. McInnis, 349 S.E.2d at 559. Each of these elements is present in the instant case.

First, Plaintiff's state action was adjudicated on the merits through several levels of state court proceedings. The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal. Warwick Corp.

8

Case 5:08-cv-00526-FL   Document 42   Filed 07/30/09   Page 8 of 12

v. Maryland Dep't of Transp., 573 F.Supp. 1011, 1014 (D.Md.1983) (quoting 18 Charles Alan Wright et al., Federal Practice and Procedure § 4433, at 308 (1981)), aff'd without opinion, 735 F.2d 1359 (4th Cir.1984). *Cf.* Wright et al., § 4433, at 308 (1981 & Supp.1998) (citing case law from the Supreme Court and from the Second, Fifth, Sixth, Seventh, Ninth, Eleventh, District of Columbia, and Federal circuits for the proposition that a final judgment retains its preclusive effect despite the pendency of an appeal). Therefore, the state proceedings constitute a final judgment.

Likewise, both the state claim and the instant federal action, rest on the issue of whether Defendants had just cause to discharge Plaintiff. In discrimination cases, North Carolina courts have adopted the same standards and principles of law applied by federal courts to Title VII cases. See North Carolina Dep't of Correction v. Gibson, 308 N.C. 131, 301 S.E.2d 78, 85 (1983). Therefore, Plaintiff's state action involved issues identical to those raised in the instant case. Finally, as summarized, *supra.*, these issues were actually litigated and the determinations were necessary to the resulting judgment. Plaintiff was an active participant in these proceedings and therefore he had a full and fair opportunity to litigate these issues. Accordingly, the undersigned RECOMMENDS that Plaintiff's claims be DISMISSED based upon the doctrine of collateral estoppel.

**C. Plaintiff's claims are barred by the Eleventh Amendment**

Defendants argue that Plaintiff's claim for compensatory damages pursuant to 42 U.S.C. §§ 1981 and 1983 are barred by the Eleventh Amendment to the United States Constitution. Pursuant to the Eleventh Amendment, a State is immune from suits in federal

courts that seek monetary damages. Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996). "This immunity extends to 'arms of the state,' including state agencies and state officers acting in their official capacity." Id. (internal citations omitted); see also, Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (indicating that a state official is not a "person" suable under 42 U.S.C. § 1983)). Therefore, it is RECOMMENDED that Plaintiff's claim for compensatory damages pursuant to 42 U.S.C. §§ 1981 and 1983 be DISMISSED.

### III.  Motion to Stay

In the alternative, Defendants argue that the Court should stay this action based on abstention principles. The Fourth Circuit has developed the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir.1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). Abstention is applicable to a state administrative proceeding regarding an employee's discrimination claim.. Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1395, 1397 (4th Cir. 1994) (affirming district court's abstention, based on its finding, among other things, that state had "an important state interest in enforcing its employment discrimination laws")).

Here, there are ongoing state judicial proceedings. Specifically, Plaintiff concedes that "there are two (2) active proceedings in the N.C. Appellate Courts." [DE-40, pg. 11].

10

A state has an important interest in enforcing its employment discrimination laws . Likewise, as noted *supra*., Plaintiff will have an adequate opportunity to raise any federal claims in the state proceedings because in discrimination cases North Carolina courts have adopted the same standards and principles of law applied by federal courts. See North Carolina Dep't of Correction v. Gibson, 308 N.C. 131, 301 S.E.2d 78, 85 (1983).

      Accordingly, it is RECOMMENDED in the alternative that this matter be STAYED pending the resolution of the underlying state court proceedings.

**Conclusion**

For the aforementioned reasons, Plaintiff's motion to amend [DE-31] his complaint is GRANTED. However, it is RECOMMENDED that Plaintiff's claims be DISMISSED in their entirety. In the alternative, it is RECOMMENDED that this matter be STAYED pending the resolution of underlying state court proceedings.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 30th day of July, 2009.

_____
William A. Webb
U.S. Magistrate Judge