IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-526-FL

| WARREN R. FOLLUM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA STATE UNIVERSITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court upon plaintiff's motion for leave to amend complaint (DE # 31) and defendant's motion to dismiss or, in the alternative, to stay (DE # 32), with benefit of memorandum and recommendation ("M&R") issued by United States Magistrate Judge William A. Webb on July 30, 2009. Therein, Magistrate Judge Webb recommends the court grant both motions. No objection is made to the recommendation to grant plaintiff's motion for leave to amend, and the court GRANTS that motion without more. On August 11, 2009, plaintiff filed objections to the remainder of the M&R, to which defendant responded on August 21, 2009. In this posture, the issues raised are ripe for ruling.

**DISCUSSION**

A.  Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

B.   Analysis

   1.   Service of Process

Plaintiff filed complaint against defendant North Carolina State University ("NCSU") on October 16, 2008. On January 21, 2009, plaintiff amended his complaint, adding Kevin MacNaughton, Barbara Carroll, Michael Harwood, and Carole Acquesta, as defendants. Plaintiff served the summons and first amended complaint on the individual defendants through the United States Postal Service. (DE # 41.)

Plaintiff objects to the magistrate judge's finding that service of the first amended complaint on defendants MacNaughton, Carroll, Harwood, and Acquesta was improper and thus plaintiff's claims against them must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). The M&R states that such service was improper as it was made by plaintiff, and under Federal Rule of Civil Procedure 4(c)(2) service may only be made by a "person who is at least 18 years old and not a party." Fed. R. Civ. Pro. 4(c)(2).

Plaintiff argues that Federal Rule of Civil Procedure 4(e)(1) authorizes service in a federal district court in any manner that is proper in the state in which the court is located. There is some authority that this rule extends to the issue of who can be a proper server of process. See Muench v. Chevy Chase Bank, F.S.B., 2007 WL 2815638, *1 (N.D. W.Va. Sept. 25, 2007) (holding that if state law permits a party to be a server of process, then that would override the limitations in Federal

2

Rule of Civil Procedure 4(c)(2) to service by adult non-parties); see also 4A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1089.1 ("If the relevant state law does permit service by a party or minor, Rule 4(e)(1) and not Rule 4(c)(2) authorizes service by such an individual pursuant to state law in a federal court action.").

Nevertheless, applying North Carolina law does not change the outcome on this issue. Under North Carolina Rule of Civil Procedure 4(a), a proper person for service is "the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." N.C. Gen. Stat. § 1A-1, Rule 4. Plaintiff is thus not a proper server of process under North Carolina law either. See MATTHEW BENDER, 1-4 NORTH CAROLINA CIVIL PROCEDURE § 4-3 ("It is also plaintiff's duty to select the 'proper person for service,' which in North Carolina is usually the sheriff's department of the county where service is to be made . . . . Other persons duly authorized to serve summonses in North Carolina are those officials appointed by statute or order of the court in lieu of the sheriff."). Accordingly, the court concurs with the magistrate judge that service was improper.

Plaintiff also argues that dismissal pursuant to Rule 12(b)(5) is improper because defendants MacNaughton, Carroll, Harwood, and Acquesta have actual knowledge of the lawsuit, and thus were not prejudiced by plaintiff's improper service. Plaintiff cites no law in support of this assertion, and the court refuses to adopt such a rule here. To do so would be to destroy the vehicle Rule 12(b)(5) provides to defendants to move for dismissal for improper service of process. Any defendant in a position to move under Rule 12(b)(5) would have knowledge of the lawsuit, otherwise that defendant would not be filing a motion. Aa such, the rules surely do not contemplate a lack of actual knowledge of the pending lawsuit as a prerequisite for moving to dismiss under Rule 12(b)(5).

3

For the foregoing reasons, the court ADOPTS the magistrate judge's recommendation that plaintiff's claims against defendants MacNaughton, Carroll, Harwood, and Acquesta be dismissed. A court does not have jurisdiction over a defendant who is improperly served. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, the court does not reach any other issues presented in defendants' motion to dismiss as they apply to these defendants. Defendant NCSU did not join in the improper service argument in the jointly filed motion to dismiss as NCSU was served with the initial complaint. As such, the court now turns to the collateral estoppel issue as it applies to defendant NCSU.

2. Collateral Estoppel

The magistrate judge recommends that plaintiff's claims against defendant NCSU be dismissed based upon the doctrine of collateral estoppel. Plaintiff initially brought claims against defendant NCSU in the North Carolina Office of Administrative Hearings, where an Administrative Law Judge ("ALJ") heard the matter on October 30, 2007 and November 14, 2007. (DE # 33-2.) The ALJ determined that plaintiff was discharged for just cause, was not discriminated against due to his age, and was not discriminated against based on his sex. (Id.) Plaintiff appealed to the North Carolina State Personnel Commission, which upheld the decision. (DE # 33-3.) Plaintiff then filed a Petition for Judicial Review in Wake County Civil Superior Court. The state court entered order on April 8, 2009, affirming the decision of the State Personnel Commission. (DE # 33-5.)

On the basis of these rulings, the magistrate judge recommends the court find that the state court judgment precludes relitigation of the issues presented in plaintiff's complaint. See Dorsey v. University of North Carolina at Wilmington, 18 F. Supp. 2d 612, 615 (E.D.N.C. 1997) ("In discrimination cases, North Carolina courts have adopted the same standards and principles of law

4

applied by federal courts to Title VII cases."). Plaintiff contends that this finding is improper because (1) the North Carolina Superior Court decision can have no preclusive effect as appeal is currently pending in that case, and (2) the Fourth Circuit has ruled that res judicata does not apply in this particular situation.

Plaintiff first maintains that this court must apply state law, rather than federal law, in determining whether a state superior court judgment that has been appealed may still have a preclusive effect under collateral estoppel. Plaintiff is correct on this matter of law. The Fourth Circuit has held:

> [F]ederal courts asked in a § 1983 action to give res judicata effect (in any of the doctrine's aspects) to a state court judgment are bound under the Full Faith and Credit statute, 28 U.S.C. § 1738, to apply the law of the rendering state to determine whether and to what extent the state court judgment should have preclusive effect in the federal action.

Davenport v. North Carolina Dept. of Trans., 3 F.3d 89, 92 (4th Cir. 1993); see also 18A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D: § 4433 (stating that while the federal rule is that "a final judgment retains all of its res judicata consequences pending decision of the appeal," a federal court "will honor the contrary rule of a state court whose judgment is offered in a federal action.").

While plaintiff is correct in asserting that state law should control this question, plaintiff is mistaken in arguing that under North Carolina law there can be no preclusive effect attached to a superior court decision until after appeal has run. Plaintiff cites no law in support of this assertion, and the law the court has discerned is to the contrary. See, e.g. State v. Summers, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) ("When a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time

5

thereafter, so long as the judgment or decree stands unreversed."); Miyares v. Forsyth County, 165 N.C. App. 543, 600 S.E.2d 899, *3 (2004) ("Plaintiff instead argues that, because he has appealed the agency decision, it is not a final judgment and may not be given collateral estoppel effect. We disagree. . . . Plaintiff cites no authority for the proposition that collateral estoppel is inapplicable to a judgment during the pendency of an appeal, and we find none."). Accordingly, the court concurs with the magistrate judge that plaintiff's appeal of the superior court's judgment does not bar its preclusive effect.

Plaintiff also argues that as the Fourth Circuit held in Davenport v. North Carolina Department of Transportation that a state administrative award (which was upheld by a state court) did not preclude the plaintiff from bringing a § 1983 claim in federal court, then the state decision here cannot have preclusive effect in federal court. Plaintiff confuses claim preclusion, which was at issue in Davenport, with issue preclusion, or collateral estoppel, which is at issue here. In Davenport, the Fourth Circuit determined that the state court proceeding and the federal court proceeding did not involve the "same claim," and thus the federal case was not subject to claim preclusion from the state court judgment. 3 F.3d at 93. The Fourth Circuit expressly noted that its holding was limited to claim preclusion: "Specifically, we believe that under North Carolina law the two claims would not be considered the 'same claim' for res judicata purposes–hence would lack that core requirement for claim (as opposed to issue) preclusion." Id. Indeed, the Fourth Circuit reiterated this limitation in a footnote, stating:

> That such claims are not properly treated as the same for res judicata purposes does not of course mean that all the virtues of res judicata in preventing relitigation of settled matters are made unavailable in this litigation pattern. Issue preclusion remains as possibility whenever its elements–actual litigation of same issues, necessity to decision, privity, etc.–are present. In particular cases, it may as effectively avoid relitigation as would claim preclusion.

6

Id. at 97, n.9. As such, plaintiff's reliance on Davenport is misplaced in this situation, where defendants are asserting issue preclusion.

More relevant to the present issue is Dorsey v. University of North Carolina at Wilmington, a case decided after, and thus pursuant to, Davenport. 18 F. Supp. 2d 612 (E.D.N.C. 1997). In Dorsey, this court held that collateral estoppel applied to plaintiff's federal Title VII discrimination claims where there was already a state court decision affirming the denial of plaintiff's discrimination claims by the Office of Administrative Hearings. Id. at 616. Collateral estoppel "bars a party from relitigating issues which were determined in a prior action, even if the second action rests on a wholly different claim." Id. at 614-15. As the magistrate judge explained, all the elements of collateral estoppel under North Carolina law are met in this matter.

Furthermore, the determination in state court that plaintiff was fired for just cause and had not made a showing of either age or sex discrimination bars all claims by plaintiff asserted in this federal action. Plaintiff's objection that the ALJ's findings did not extend to alleged acts of discrimination other than plaintiff's discharge is without merit. The finding of facts made by the ALJ, affirmed by the state superior court, indicate that the ALJ considered plaintiff's entire work history with NCSU and determined that plaintiff had not shown age or sex discrimination. (DE # 33-2.) Accordingly, the court ADOPTS the M&R and dismisses plaintiff's claims against NCSU, based upon the doctrine of collateral estoppel.

As what the court rules on above serves to dismiss plaintiff's claims in their entirety, the court need not take up the issue of the Eleventh Amendment's application to this case, nor any issues pertaining to a stay.

7

Case 5:08-cv-00526-FL   Document 45   Filed 09/02/09   Page 7 of 8

## CONCLUSION

For the foregoing reasons, the court ADOPTS the M&R except where otherwise provided in this order. Plaintiff's motion for leave to amend (DE # 31) is GRANTED. However, this decision is rendered moot, as the court GRANTS defendants' motion to dismiss (DE # 32). Plaintiff's claims are DISMISSED in their entirety, and the clerk is directed to close the case.

SO ORDERED, this the 31st day of August, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge